**Adan Balvaneda CONTRERAS, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 05–70500.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 \*\*.

Filed Oct. 2, 2007.

Helen B. Zebel, Esq., Law Office of Helen B. Zebel, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, Esq., Kurt B. Larson, Esq., Stacy S. Paddack, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Adan Balvaneda Contreras, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for cancellation of removal.

To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing purely legal issues de novo, *see Padilla–Padilla v. Gonzales,* 463 F.3d 972, 975 (9th Cir.2006), we dismiss the petition for review in part, grant it in part, and remand.

We lack jurisdiction to review the IJ's discretionary determination that Balvaneda Contreras failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). Balvaneda Contreras' contention that the agency violated his due process rights by disregarding his evidence of hardship does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The IJ granted voluntary departure for a 60–day period. The BIA's streamlined order changed the voluntary departure period to 30 days. In *Padilla–Padilla,* 463 F.3d at 981, we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for reinstatement of the 60–day voluntary departure period.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.